

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. B. Morgan, Chairman
Appropriations Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. 0-5962
Re: Constitutionality of
House Bill No. 157, mak-
ing an appropriation to
pay the deficiency in-
curred by the State Board
of Education for per diem
and travel expenses.

You have submitted to us for consideration House
Bill No. 157 by Cato, which makes an appropriation of $1,057.78
to pay per diem and traveling expenses incurred by the nine
members of the State Board of Education in attending board
meetings held in Austin during the months of July and August,
1944. It appears from Judge Watkins' letter that the regular
appropriations for the payment of per diem and traveling ex-
penses of the members of the board were wholly insufficient
for these purposes and became exhausted about the first of July,
1944, and no deficiency authorization was obtained by the board
from the Governor.

We presume from your request that some doubt exists
in the mind of your committee, or some of the members thereof,
whether the Legislature can legally make this appropriation,
or in other words, whether there is any constitutional provi-
sion inhibiting the appropriation.

Article 2675b-10, Vernon's Annotated Civil Statutes,
reads as follows:

"The members of the State Board of Educa-
tion, created by this Act, shall be paid Ten Dol-
lars per day when in actual attendance upon Board

Honorable M. B. Morgan, page 2

Meetings, and shall be entitled to actual trav-
eling and other necessary expenses incurred in
the discharge of their duties. Each member shall
take the constitutional oath of office."

Article III, Section 44, of the Constitution of Texas,
provides, in part:

"The Legislature . . . shall not . . . grant
by appropriations or otherwise, any amount of
money out of the Treasury of the State to any
individual, on a claim, real or pretended, when
the same shall not have been provided for by pre-
existing law. . . ."

The Supreme Court of Texas, in Fort Worth Cavalry
Club v. Sheppard, 83 S. W. (2d) 660, said:

"It is settled as the law of this State that
under the provisions of section 44 of article 3
of our State Constitution, the Legislature is
prohibited from appropriating state money to any
'individual' on any claim, unless, at the very
time the appropriation is made, there is already
in force some pre-existing valid law constitut-
ing the claim the appropriation is made to pay a
legal and valid obligation against the state.
. . . Finally, it is settled that by legal ob-
ligation is meant such an obligation as would
form the basis of a judgment against the state
in a court of competent jurisdiction, in the event
the Legislature should permit it to be sued."
Austin National Bank v. Sheppard (Tex. Com. App.
opinion adopted by Supreme Court), 123 Tex. 272,
71 S. W. (2d) 242; Austin National Bank v. Shep-
pard (Tex. Com. App. opinion adopted by Supreme
Court), 123 Tex. 280, 71 S. W. (2d) 246; Corsicana
Cotton Mills v. Sheppard (Tex. Com. App. opinion
adopted by Supreme Court), 123 Tex. 352, 71 S. W.
(2d) 247; Nichols v. State, 11 Tex. Civ. App. 327,
32 S. W. 452 (writ refused); State v. Halderman
(Tex. Civ. App.) 163 S. W. 1020 (writ refused);
State v. Wilson, 71 Tex. 291, 9 S. W. 155.

Honorable M. B. Morgan, page 3

In view of the foregoing authorities, it is our opinion that Article 2675b-10 is a pre-existing law within the meaning of Article III, Section 44, of the Constitution, and that House Bill No. 157 does not contravene said section.

We have also considered said Bill in connection with Article III, Section 49, of the Constitution, which inhibits the creation of a debt, except for certain stated purposes, and it is our opinion that the expenditures herein involved did not create a "debt" against the State of Texas within the meaning of that term as used in the Constitution.

You are further advised that we know of no constitutional provision which would prevent the Legislature from lawfully making the contemplated appropriation provided for in House Bill No. 157.  The fact that no deficiency authorization was obtained from the Governor as provided for in Article 4351, Vernon's Annotated Civil Statutes, is immaterial, since Article 2675b-10 authorized the members of the Board to incur the expenses and obligates the State to pay the same as well as their per diem.

We are enclosing herewith House Bill No. 157 and Judge Watkins' letter.

Trusting that we have satisfactorily answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        *J. C. Davis, Jr.*

J. C. Davis, Jr.
Assistant

JCD:db

Enclosures